UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DONNA BROWN, et al., | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| vs. | ) | Case No. 4:06CV34 HEA |
| DEPUTY NIC FORLER, et al., | ) | |
| Defendants. | ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion for Summary Judgment, [Doc. No. 21], Plaintiffs' Motion for Partial Summary Judgment as to Liability for Excessive Force for the Shooting Death of Michael Brown Junior, [Doc. No. 22] and Defendants' Motion to Strike the Affidavit of Plaintiffs' Expert Dr. Dennis Bowman, [Doc. No. 35]. For the reasons set forth below, Defendants' Motion for Summary Judgment is granted in part and denied in part. Plaintiffs' Motion for Summary Judgment is denied. The Motion to Strike is denied.

## Introduction

Plaintiffs brought this action seeking recovery against Defendants for events

which occurred on October 23, 2005.[1] Plaintiffs' Complaint alleges that eight separate counts: Count I is brought by Plaintiff Donna Brown against Defendant Forler based on allegations that Forler used excessive force which resulted in the deaths of Michael Brown, Jr and Tyler Teasley, in violation of 42 U.S.C. § 1983. Count II is brought by Plaintiffs Yerkes, Hayes, Potthoff, and Walton against Forler based on allegations of the use of excessive force by Forler, in violation of 42 U.S.C. § 1983. Count III is a claim of unreasonable seizure and false arrest under Section 1983 brought by Plaintiffs Yerkes, Hayes, Potthoff, and Walton against Defendants Forler, Torres and Lincoln County. Count IV is brought by Plaintiffs Brown, Yerkes, Hayes, Potthoff, and Walton against Defendants Forler, Torres and Lincoln County for Conspiracy under 42 U.S.C. § 1985. Count V is brought by Brown, Yerkes, Hayes, Potthoff, and Walton against Defendants Torres and Lincoln County for Conspiracy for failure to instruct, supervise, control, or discipline pursuant to 42 U.S.C. § 1983. Count VI is brought by Plaintiff Brown against Defendants Forler, Torres and Lincoln County for the alleged wrongful death of Michael Brown, Jr. pursuant to Section 537.080 R.S.Mo. Count VII is brought by Plaintiffs Yerkes, Hayes, Potthoff, and Walton against Defendant Forler for

---

[1] The Complaint states that the initial events occurred on October 24, 2005, however, subsequent filings establish that the date was actually October 23, 2005.

negligent infliction of emotional distress.  Count VIII is brought by Plaintiffs Yerkes, Hayes, Potthoff, and Walton against Defendants Forler, Torres and Lincoln County for common law false imprisonment.

Defendants move for summary judgment on Counts III, IV, V, VI, and VIII. Plaintiffs move for partial summary judgment on the issue of excessive force for the shooting death of Michael Brown, Jr.  Defendants also seek to have the affidavit of Plaintiffs' expert, Dennis Bowman, stricken.

## Facts and Background

On October 23, 2005, at approximately 11:30 p.m., Defendant Forler, a Sheriff's Deputy for Lincoln County, pursued a Dodge Ram pickup truck in Lincoln County.  Tyler Teasley was driving the truck. Michael Brown, Jr., Julia Yerke, Sarah Hayes, Judah Potthoff and Michael Walton were passengers.  All occupants of the truck had consumed alcoholic beverages while riding in the truck for a period of four to five hours.  The truck did not immediately stop for Forler, rather, it turned into a subdivision and continued into the subdivision until Teasley pulled into a driveway and shut off the lights.

Defendant Forler pulled his patrol car behind the truck, exited his vehicle and walked behind the truck.  The truck rolled backwards and struck the front of Forler's patrol car.  The Teasley truck had damage to the rear bumper and the patrol

vehicle had damage to the push bar and hood.

Forler fired two rounds into the truck, striking Teasley and Brown. Brown was pronounced dead at the scene at approximately 1:28 a.m. on October 24, 2005. Teasley died at 6:28 a.m. after having been transported to St. John's Mercy Medical Center in St. Louis, Missouri. Both died as a result of the gunshot wounds.

Deputy Rivera of the Lincoln County Sheriff's Department took Potthoff and Yerkes to the Lincoln County Sheriff's Department; Hayes and Walton were escorted by another police officer. At approximately 12:15 a.m. on October 24, 2005, Sergeant J.S. Steward, Sergeant Norman Murphy and Corporal P.J. Kempke of the Missouri Highway Patrol, Troop C undertook investigation of the incident. Kempke was asked to obtain written statements from the passengers of the truck who were then en route to the Lincoln County Sheriff's Department. Each of the four passengers provided written statements to the Missouri Highway Patrol and the Lincoln County Sheriff's Department.

The parties dispute the extent of the Lincoln County Sheriff's Department's level and intensity of training, supervision and disciplining with respect to its deputies, and specifically with respect to Defendant Forler.

## Motion to Strike Bowman Affidavit

Defendants ask the Court to strike the Affidavit of Dennis Bowman, one of

Plaintiffs' experts. Defendants contend that the Affidavit is directly contrary to Bowman's deposition testimony. Upon close analysis, however, the two are not directly inconsistent. As Plaintiffs point out, at the time Bowman wrote his Rule 26(a)(2) report, he expressed his opinions based on what he was told regarding the training given to Defendant Forler. Bowman's affidavit is based on the subsequent lack of evidence to verify that Forler actually received and attended the training. The question of whether the content of the training was adequate is an issue which was not addressed during Bowman's deposition. Furthermore, Bowman's affidavit discusses whether the actual content of the training was sufficient, whereas, this issue was not raised during the deposition.

The Eighth Circuit Court of Appeals has set forth the grounds upon which a court should strike affidavits: "[W]hen the affiant's affidavit does not actually contradict his earlier testimony, the district court should not strike the affidavit from the record. *Bass v. City of Sioux Falls*, 232 F.3d 615, 618 (8th Cir. 1999)." *City of St. Joseph, Mo. v. Southwestern Bell Telephone*, 439 F.3d 468, 476 (8th Cir. 2006). Bowman's affidavit does not directly contradict his deposition testimony. Defendant's issues with respect to variances between the deposition and the affidavit are within the realm of appropriate credibility questions which Defendants may pursue during trial. The motion to strike is therefore denied.

## Motions for Summary Judgment

Plaintiffs seeks partial summary judgment on the issue of the use of excessive force by Defendant Forler. Defendants seek summary judgment on five of the eight counts pled in the Complaint.

As a threshold matter, Plaintiffs concede that the facts do not support the allegations contained in Count IV for conspiracy pursuant to 42 U.S.C. § 1985. Accordingly, Count IV will be dismissed without prejudice. Furthermore, Plaintiffs advise the Court that they no longer seek to impose individual liability on Defendant Torres. All allegations regarding Torres in his individual capacity are accordingly dismissed.

## Summary Judgment Standard

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477

U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256. "the party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'" *United of Omaha Life Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting Fed.R.Civ.P. 56(e)); "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). "[A] complete failure of proof concerning an essential element of

the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

## Discussion

## Defendants Forler, Torres and Lincoln County's Motion

## Section 1983 Liability

### Failure to Train

While a municipality can be subject to suit under 42 U.S.C. §1983, *see Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658, 689 (1978), it can not be held liable for "an injury inflicted solely by its employees or agents on a theory of respondeat superior." *Springdale Educ. Ass'n v. Springdale School Dist.,* 133 F.3d 649, 651 (8th Cir.1998). "Rather a plaintiff seeking to impose such liability is required to identify either an official municipal policy or a widespread custom or practice that caused the plaintiff's injury." *Springdale,* 133 F.3d at 651.

> The inadequacy of police training may serve as the basis for §1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris,* 489 U.S. 378, 388 (1989).

> [T]he focus must be on adequacy of the training program in relation to the tasks the particular officers must perform. That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program.

> *Id.* at 390-91, 109 S.Ct. 1197. *See also Liebe v. Norton,* 157 F.3d 574, 579 (8th Cir.1998).

*Robinette v. Jones*, 476 F.3d 585, 591 (8th Cir. 2007).

Deliberate indifference can be found where "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights." *Canton*, 489 U.S. at 390. The Supreme Court has stated that, because police officers are armed by a municipality and are certain to be required to use force on occasion, "the need to train officers in the constitutional limitations on the use of deadly force can be said to be 'so obvious,' that failure to do so could properly be characterized as 'deliberate indifference' to constitutional rights." *Id.,* at 390 n. 10.

"Moreover, for liability to attach in this circumstance the identified deficiency in a city's training program must be closely related to the ultimate injury." *Abbott v. City of Crocker, Mo,* 30 F.3d 994, 999 (8th Cir. 1994). In other words, a plaintiff must show a causal relationship between the failure to train and the ultimate constitutional violation. *See Andrews v. Fowler,* 98 F.3d 1069, 1076 (8th Cir. 1996); *Monell,* 436 U.S. at 694 (municipal policy must be "moving force [behind] the constitutional violation").

Plaintiffs contend that the Lincoln County Sheriff's Department failed to

adequately train and supervise its deputies in vehicle stops and use of excessive force.[2] Plaintiffs further argue that the need of training in the use of excessive force is so obvious that Plaintiffs' constitutional rights were violated because of the deficient training given by the Lincoln County Sheriff's Department. As a direct result of the insufficient training, according to Plaintiffs, their Constitutional Rights were violated.

Defendants argue that the policy within the Sheriff's Department was not inadequate: The Lincoln County Sheriff's Department provided patrol task-specific training to its deputies by means of a policy and procedures manual, daily policy and information discussions at roll call, and a formal video training program created specifically for law enforcement personnel.

Plaintiffs further contend that Defendant Torres is also liable under a "failure to train" theory. A supervisor may be held individually liable under § 1983 if he directly participates in a constitutional violation or if a failure to properly supervise and train the offending employee caused a deprivation of constitutional rights.

---

[2] Defendants take issue with Plaintiffs continued reference to "vehicle stops" because there is no allegation that the stop of the Teasley truck was without probable cause for speeding and failure to yield to a police vehicle. However, Plaintiffs position appears to be that the training regarding vehicle stops as they relate to the use of deadly force during the stop was inadequate. It is upon this basis that Plaintiffs challenge the Lincoln County Sheriff's Department's training, and not on when a vehicle stop is appropriate.

*Andrews v. Fowler,* 98 F.3d 1069, 1078 (8th Cir.1996). The plaintiff must demonstrate that the supervisor was deliberately indifferent to or tacitly authorized the offending acts. *Andrews,* 98 F.3d at 1078; *Howard v. Adkison,* 887 F.2d 134, 137 (8 Cir.1989). Proof of actual knowledge of constitutional violations is not, however, an absolute prerequisite for imposing supervisory liability. *See Howard,* 887 F.2d at 138.

In this case, Plaintiffs claim that Defendant Torres did not provide Forler or the other officers with the specific tools to deal with recurrent situations, which resulted in the predictable consequence of the misuse of deadly force. Plaintiffs have presented the opinions of their expert which call into question the sufficiency and adequacy of the content of this training, and whether a policy was in place for vehicle stops as they relate to the use of excessive force during such stops. Additionally, Plaintiffs urge that there is nothing in the record to establish that Forler actually received the training claimed. Based upon the record before the Court, the trier of fact could conclude that the training procedures were inadequate and that as a direct result of the inadequacy of training, Plaintiff's rights were violated.

Construing the facts in the light most favorable to Plaintiffs, the nonmoving parties, as the Court must, genuine issues of material fact exist such that summary judgment is not proper on Plaintiffs' failure to train claims, both respect to the

Lincoln County Sheriff's Department and Defendant Torres as supervisor.[3]

**<u>Seizure and Unlawful Arrest</u>**

Count III of the Complaint seeks damages for an alleged unreasonable seizure and false arrest in violation of the Fourth and Fourteenth Amendments. As an initial observation, Plaintiffs supposition that Defendants "apparently concede that a cognizable 'seizure' of the plaintiffs in fact occurred during the shooting..." is incorrect. Defendants clearly assume, for the purposes of argument only, that Forler "seized" Plaintiffs at the scene. Defendants' clearly specified assumption in no way binds Plaintiffs. It remains incumbent on Plaintiffs to prove the elements of a seizure.

Defendants move for summary judgment on Count III because, <u>assuming</u> there was a "seizure," Defendants argue that the seizure was reasonable and therefore not actionable under Section 1983. Reasonableness is to be "determined on the totality of the circumstances and is to be judged from the perspective of a

---

[3] Defendants spend a good deal of time discussing the issue of Section 1983 liability with respect to hiring and screening issues. Plaintiffs respond to this discussion and argue that the Lincoln County Sheriff's Department and Torres are subject to liability because the decision to hire Forler was a violation of their constitutional rights. In reply, Defendants correctly observe that there is no claim with respect to Forler's hiring and/or screening pre-hiring. The Court declines, with respect to Section 1983 liability, to discuss whether or not questions of fact exist with respect to the decision to hire Forler and the screening procedures utilized, or lack thereof, because Plaintiffs do not claim in their Complaint that their Constitutional rights were violated based on the decision to hire Forler.

reasonable officer on the scene. . ." *Hawkins v. City of Farmington*, 189 F.3d 695, 702 (8th Cir. 1999).

"[A]n officer's use of force is not excessive under the Fourth Amendment if it was objectively reasonable under the particular circumstances." *Andrews v. Fuoss,* 417 F.3d 813, 818 (8th Cir.2005) (quotation omitted). "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments--in circumstances that are tense, uncertain, and rapidly evolving--about the amount of force that is necessary in a particular situation." *Graham v. Connor,* 490 U.S. 386, 396-97 (1989). "Circumstances such as the severity of the crime, whether the suspect posed a threat to the safety of the officers or others, and whether the suspect was resisting arrest are all relevant to the reasonableness of the officer's conduct." *Crumley v. City of St. Paul, Minn.,* 324 F.3d 1003, 1007 (8th Cir.2003).

Whether the seizure of Plaintiffs was reasonable under the circumstances of this case remains a question of fact. Differing versions of events regarding the perceived risk to Forler have been presented and the issue remains in dispute. For example, Plaintiff Yerke stated that it seemed like Teasley thought he could lose the police officer when he turned off the highway and that Forler told her that he feared

for his life because he thought the rolling truck was going to hit him. Plaintiffs testified that they were forced to lay face down on the ground at gun point for eight to ten minutes and subsequently repeatedly asked to leave and that they were denied the request by the Lincoln County Sheriff's Department. Defendants contend that they tried to comfort Plaintiffs and were merely obtaining statements, allowed Plaintiffs to use their cell phones, helped them find contact numbers and asked only that they not discuss the incident. Such varying testimony clearly gives rise to genuine issues of material fact as to what the circumstances surrounding the "seizure" actually were. Defendant's motion for summary judgment therefore must be denied as it relates to the unreasonable seizure claim.

## State Law Claims

### Wrongful Death Pursuant to Section 537.080 RSMo

Defendants argue that Lincoln County and Defendant Torres in his official capacity are entitled to sovereign immunity under Missouri law. Plaintiffs counter with the argument that sovereign immunity has been waived because Lincoln County has an insurance policy, and therefore the exception to the sovereign immunity doctrine applies.

Under Missouri law, public entities are generally immune from state tort law

claims under Missouri Revised Statute 537.600, except in three enumerated circumstances. *See Martin v. Missouri Highway and Transp. Dept.,* 981 S.W.2d 577, 579 (Mo.App.1998). Sovereign immunity may be waived (1) where public employees are involved in an automobile accident, (2) where injuries are caused by the condition of public property if the land is kept in a dangerous condition, or (3) when a political subdivision purchases liability insurance. *See* RSMo 537.600, 537.610; *Martin,* 981 S.W.2d at 579; *Hammer v. City of Osage Beach,* 318 F.3d 832, 841 (8th Cir.2003).

A plaintiff must plead facts sufficient to allege a waiver of sovereign immunity. *See Brennan v. Curators of the Univ. of Missouri,* 942 S.W.2d 432, 436-37 (Mo.App.1997). Specifically, a plaintiff must affirmatively plead the existence of an insurance policy and that the policy covers the claims asserted. *See id.*

**Lincoln County**

In this case, Plaintiffs did not originally allege in their Complaint that Lincoln County has waived sovereign immunity. Plaintiffs do so now, in response to Defendants' assertion of the immunity. However, plaintiff's wrongful death claim falls outside the enumerated exceptions to sovereign immunity. Although

Defendants have a liability insurance policy, in order for immunity to be waived pursuant to the insurance policy, the claim must fall within the purposes covered by the policy of insurance. Section 537.610.1 RSMo "Whether sovereign immunity is waived in a particular case depends on whether the plaintiff's claim falls within the purposes covered by the defendant's policy." *Epps v. City of Pine Lawn*, 353 F.3d 588, 594 (8th Cir. 2003).

The Missouri Public Entity Risk Management Fund (MOPERM) policy at issue specifically states that policy coverage is limited to injuries resulting from the operation of motorized vehicles and dangerous conditions of a public entity's property.[4] As such, there has been no sovereign immunity waiver. Lincoln County is immune from suit for the alleged wrongful death of Michael Brown. Summary Judgment will be granted in its favor as to Count VI.

**Defendant Torres**

Defendants argue that Torres is entitled to official immunity for the wrongful death claim.

It is well-settled law, however, that public officers are not

---

[4] Interestingly, the insurance policy which gives rise to a waiver of sovereign immunity specifically covers the other two exceptions found in Section 537.610.1. Thus, the MOPERM policy was purchased to cover only instances where sovereign immunity has been statutorily waived. In all other regards, the County's sovereign immunity remains.

> responsible for acts of subordinate officials: (1) if such subordinates are themselves employees of the government; (2) if there is no negligence on the part of such public officials in employing them; and (3) the superior officer has not directed or encouraged or ratified such acts or has personally co-operated therein. *State ex rel. Green v. Neill,* 127 S.W.3d 677, 679 (Mo. banc 2004).

*State ex rel. Hill v. Baldridge*, 186 S.W.3d 258, 259 -260 (Mo.2006).

The issue of whether Torres was negligent in employing Forler remains disputed. Considering the facts in the light most favorable to Plaintiff, the non-moving party, the Court cannot state that genuine issues of material fact do not exist with respect to the Torres' decision to hire Forler. Plaintiffs have presented evidence through their experts giving rise to questions of fact as to the manner and procedures used in hiring Forler. As such, summary judgment on the issue of official immunity is inappropriate.

**Defendant Forler**

Defendant Forler is not entitled to official immunity. Although Defendant contends that plaintiffs have not shown the existence of any facts concerning Forler's alleged "bad faith and malice," the Court is not, at this point at liberty to assume lack of bad faith and malice because there is absolutely no evidence regarding Forler's state of mind, *i.e,* his intent to be injurious to another. While Defendants argue that Plaintiffs have not shown the existence of any facts

concerning Forler's bad faith and malice, they have presented no evidence to the contrary. Plaintiffs are entitled to present the issue to the trier of fact.

**False Imprisonment**

The record before the Court at the present time clearly establishes that genuine issues of material fact exist with respect to Plaintiffs claims of false imprisonment. As detailed above, varying descriptions set forth the events following the shooting, for example, Plaintiffs claim they were ordered at gun point to lie on the ground; Defendants claim they tried to comfort Plaintiffs. Plaintiffs claim they were "in prison" overnight; Defendants claim they were not "holding" Plaintiffs, but were merely taking their statements for the Missouri Highway Patrol. Plaintiffs claim they asked the Lincoln County Sheriff's Department personnel if they could leave to go to the hospital; Defendants claim Plaintiffs were at the office for no longer than necessary for the Missouri Highway Patrol to get their statements. Considering these completely divergent renditions, Defendants are not entitled to summary judgment as genuine issues of material fact exist rendering questions for the trier of fact to determine.

## Plaintiffs' Motion for Partial Summary Judgment

Plaintiffs seek partial summary judgment as to liability for excessive force for

the shooting death of Michael Brown, Jr. The motion must be denied because the record before the Court is unclear, under a totality of the circumstances analysis, see *supra*, whether Forler's use of deadly force was excessive: Plaintiff Yerke testified in her deposition that Forler told her that he feared for his life because he thought the rolling truck was going to hit him. Plaintiffs Hayes and Potthoff stated that it appeared as if Teasley was trying to evade Forler and tried to hide from him. Varying evidence exists in the record as to the speed at which the truck was rolling toward Forler. Plaintiff's expert admits that the situations was a "high-risk vehicle stop."

Genuine issues of material fact exist with respect to whether Forler used excessive force. These issues must be resolved by the trier of fact under the applicable law. Accordingly, Plaintiffs are not entitled to partial summary judgment.

## **Conclusion**

Based upon the foregoing analysis, the Court finds that Defendant Lincoln County is entitled to summary judgment on the issue of sovereign immunity with respect to Plaintiff Donna Brown's wrongful death claim. In all other respects, Defendants' motion for summary judgment is denied, as is Plaintiff's motion for

partial summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment, [Doc. No. 21], is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Partial Summary Judgment as to Liability for Excessive Force for the Shooting Death of Michael Brown Junior, [Doc. No. 22], is denied.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike the Affidavit of Plaintiffs' Expert Dr. Dennis Bowman, [Doc. No. 35], is denied.

Dated this 30th day of March, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE